# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11628
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 3, 2019

Lyle W. Cayce
Clerk

WILLIAM HENRY STARRETT, JR.,

            Plaintiff–Appellant

v.

UNITED STATES DEPARTMENT OF DEFENSE; UNITED STATES
SPECIAL OPERATIONS COMMAND; UNITED STATES ARMY; UNITED
STATES ARMY SPECIAL OPERATIONS COMMAND; UNITED STATES
ARMY CIVIL AFFAIRS AND PSYCHOLOGICAL OPERATIONS
COMMAND; UNITED STATES ARMY RESERVE COMMAND; DEFENSE
ADVANCED RESEARCH PROJECTS AGENCY; UNITED STATES
DEPARTMENT OF ENERGY; NATIONAL NUCLEAR SECURITY
ADMINISTRATION; LAWRENCE LIVERMORE NATIONAL SECURITY,
L.L.C.; NATIONAL TECHNOLOGY ; ENGINEERING SOLUTIONS OF
SANDIA, L.L.C.; TEXAS MILITARY DEPARTMENT; LOCKHEED MARTIN
CORPORATION; UNITED STATES DEPARTMENT OF JUSTICE;
MICROSOFT CORPORATION,

            Defendants–Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-2851

No. 18-11628

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:*

Appellant William Henry Starrett, Jr. sued a wide variety of government agencies and private companies, alleging damages emerging from a claimed conspiracy to remotely harass and torture him. The district court dismissed Starrett's suit with prejudice for failure to state a claim. Starrett appeals *pro se*.

We have jurisdiction to review such dismissals, and we do so de novo. *Westfall v. Luna*, 903 F.3d 534, 542 (5th. Cir. 2018). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts may dismiss when the action on appeal fails to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). They may also dismiss claims that are "clearly baseless," including "claims describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327–328 (1989), *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (dismissal "is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them").

Starrett asks us to overturn the district court's dismissal based on outlandish claims of near-constant surveillance, theft of intellectual property, and painful remote communication accomplished using nonexistent

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

No. 18-11628

technology. These pleaded facts are facially implausible. Dismissal with prejudice was appropriate, the district court did not err, and we AFFIRM its judgment.